Judge Owsley
delivered the opinion of the court.
This was a suit brought by the heirs of Isaac Hite, dec. for the purpose of obtaining the specific execution of a contract made by their ancestor with John Cowan, sen. for the conveyance of land.
The bill charges, that their ancestor being entitled to one half of a two hundred and forty acre tract as locator and equal partner therein, John Cowan, sen. undertook and bound himself to convey the same to their said ancestor, by a written memorandum signed by him, in the following words:—“Be it remembered, that I have a patent for two hundred and forty acres of land adjoining my settlement and pre-emption, half of which I am to make Mr. Isaac Hite a deed to, as the same was taken up in partnership; the deed to be a special warranty. Nov. 1790. John Cowan.” And they alledge, that the said Cowan failed to make the title to the said Isaac in his lifetime, but since his death has conveyed the whole of the tract, in consideration of natural love and affection, to his son John Cowan, junr. who, they charge, had notice of their claim when he obtained the title.
Both of the Cowans admit the execution of the writing by John, sen. but insist that it was not given upon a valid consideration.
The court decreed the execution of the contract; from which the Cowans have appealed to this court.
It is contended that the proper parties were not before the court; that the bill is defective in failing to alledge a consideration, for the writing referred to—that there is no *239 proof of consideration, or of the appellees being the of heirs Isaac Hite.
Locating lands on the shares (evidenced by writing) is a sufficient consideration on which to base degree for a title.
In a suit for a specific execution of land contract ex'ors or adm'rs are not proper parties.
The will of a testator recognizing comp'nes as his children, is evidence they are his heirs.
Wickliffe and Haggin for appellants, Hardin contra.
The objection to the parties is taken upon the supposition that the executors or administrators of the decedent Hite, should have been before the court. But as the object the bill is exclusively for a specific execution of the contract, and not for compensation, it is plain, the executor or administrator cannot be interested in the contest, and consequently, it cannot have been necessary to bring them before the court.
The objection taken to the bill for failing to alledge a consideration, must have been taken upon a misconception of its allegations.
It expressly charges Hite to have been entitled to one half of the land as locator and partner; and if so entitled, it is clearly formed on a sufficient consideration for the undertaking of Cowan to convey. And with respect to the heirship of the appellees, the will of Hite recognizing them to be his children, is not only exhibited, but the appellants, by their answer, impliedly admit the fact.
And if we are correct in supposing the allegations of the bill import a sufficient consideration, of which there is no doubt, it is perfectly clear that the consideration alledged is abundantly proven; for the writing executed by Cowan, the elder, contains an express admission of Hite’s being interested in the land as taker up and partner.
The decree must be affirmed with cost.